| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>(1) MOHAMMAD SALEEM,<br>a/k/a "Sonny"<br>[DOB: 10/22/1973]<br><br>(2) SHAKEEL KHAN,<br>[DOB: 12/24/1977]<br><br>(3) ARIF SIDDIQ,<br>[DOB: 04/19/1958]<br><br>(4) MOHAMMED SALEEM MEMON,<br>[DOB: 12/12/1964]<br><br>(5) BRAHM DEWAN,<br>[DOB: 10/10/1967]<br><br>and<br><br>(6) MICKEY AVALOS,<br>[DOB: 03/12/1975]<br><br><br>               Defendants. | Case No._14-00127-CR-W-BP____<br><br>**COUNT ONE:** All Defendants<br>21 U.S.C. §§ 841(a)(1) and 846<br>NMT 20 Years Imprisonment<br>NMT $250,000 Fine<br>NMT 3 Years Supervised Release<br>Class C Felony<br><br>**COUNT TWO:** Saleem and Khan<br>21 U.S.C. §§ 841(a)(1) and 2<br>NMT 20 Years Imprisonment<br>NMT $250,000 Fine<br>NMT 3 Years Supervised Release<br>Class C Felony<br><br>**COUNT THREE:** All Defendants<br>18 U.S.C. §§ 1956(a)(1)(B)(i)<br>NMT 20 Years Imprisonment<br>NMT $250,000 Fine<br>NMT 3 Years Supervised Release<br>Class C Felony<br><br>**FORFEITURE ALLEGATION I**<br>21 U.S.C. §§ 853<br><br>**FORFEITURE ALLEGATION II**<br>18 U.S.C. §§ 982(a)(1)<br><br>$100 Mandatory Special Assessment Each Count |

## SECRET SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT ONE

Between on or about March 1, 2011, to on or about April 30, 2014, said dates being approximate, within the Western District of Missouri and elsewhere, the defendants, MOHAMMAD SALEEM, SHAKEEL KAHAN, ARIF SIDDIQ, MOHAMMED SALEEM

MEMON, BRAHM DEWAN, and MICKEY AVALOS, did knowingly and intentionally combine, conspire, confederate and agree with each other and others, both known and unknown to the Grand Jury, to distribute the following controlled substance analogue, as defined in Title 21, United States Code, Section 802(32)(A), knowing that the substance was intended for human consumption as provided in Title 21, United States Code, Section 813: AM2201, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), all in violation of Title 21, United States Code, Section 846.

## COUNT TWO

On or about between January 20, 2014 and February 28, 2014, in the Western District of Missouri, and elsewhere, the defendants, MOHAMMAD SALEEM and SHAKEEL KHAN, aiding and abetting each other and others both known and unknown to the Grand Jury, knowingly and intentionally distributed, "7H,", "777", and "MR. NICE GUY", each being a mixture and substance containing a detectable amount of AB-FUBINACA, a Schedule I controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT THREE

Between on or about March 1, 2011, to on or about April 30, 2014, in the Western District of Missouri and elsewhere, the defendants MOHAMMAD SALEEM, SHAKEEL KAHAN, ARIF SIDDIQ, MOHAMMED SALEEM MEMON, BRAHM DEWAN, and MICKEY AVALOS, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, to wit:

(1) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of

2

specified unlawful activity, that is, conspiracy to distribute a controlled substance analogue, AM2201, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## OVERT ACTS

The overt acts used to accomplish the objectives of the conspiracy included, but are not limited to the following:

1) a Bank of America account ending #7712 regarding company LA PARADISE, INC. with account signers MOHAMMAD SALEEM, ARIF SIDDIQ, and MOHAMMED SALEEM MEMON show that the majority of the deposits to the account were from other LA PARADISE accounts such as an account ending in #8371. The account had K-2 customer deposits and cash deposits of $19,333.50. The main purpose of the account was for payroll, expenses, and supplies such as purchasing chemicals from China. The chemicals were used to manufacture K-2. SALEEM, SIDDIQ, and MEMON were able to purchase larger quantities of chemicals at cheaper prices by purchasing chemicals from individuals in China. The following sixteen wire transfers payable to Energy Company, LTD., in China for chemicals represent money laundering violations of Title 18 USC Section 1956 and 1957.

 A. On November 28, 2011 wire to Energy Co. LTD for $57,750

 B. On December 6, 2011 wire to Energy Co. LTD for $82,500

 C. On December 19, 2011 wire to Energy Co. LTD for $65,000

 D. On December 23, 2011 wire to Energy Co. LTD for $137,000

3

E. On January 5, 2012 wire to Energy Co. LTD for $100,000

F. On January 6, 2012 wire to Energy Co. LTD for $115,000

G. On January 13, 2012 wire to Energy Co. LTD for $100,000

H. On January 13, 2012 wire to Energy Co. LTD for $100,000

I. On January 18, 2012 wire to Energy Co. LTD for $100,000

J. On January 23, 2012 wire to Energy Co. LTD for $100,000

K. On January 26, 2012 wire to Energy Co. LTD for $73,000

L. On February 7, 2012 wire to Energy Co. LTD for $80,000

M. On February 21, 2012 wire to Energy Co. LTD for $100,000

N. On February 22, 2012 wire to Energy Co. LTD for $100,000

O. On March 1, 2012 wire to Energy Co. LTD for $165,000

P. On March 14, 2012 wire to Energy Co. LTD for $250,000

The total amount of wire transfers to Energy Co., LTD., for chemicals used in the production of K2 were $1,725, 250.00.

2) a California Bank & Trust account ending #1391 regarding company M&Z GLOBAL DISTRIBUTION, LLC., opened in the name of BRAHM DEWAN on approximately May 10, 2012. The account was used to deposit K-2 proceeds. Prior to the listed December wires below, California Bank & Trust account ending #1391 in the name of M&Z Global Distribution, LLC., had transfer deposits from other accounts containing K-2 deposits of $2,481,476. Payments from K-2 customers totaling $32,825, and cash and money order deposits of $42,549.26.

    a. On approximately December 12, 2012, $124,580 was wired from California Bank & Trust account ending #1391 in the name of M&Z Global Distribution, LLC. The wire was payable to Greenland America Inc. on the account of Malik Taj Din of Gujranwala

4

City, Pakistan. Greenland America, Inc., is a shipper of scrap metal located at 1905 Woodstock Road, Suite 2200, Roswell, Georgia 30075.

b.  On approximately December 14, 2012, $83,821 was wired from California Bank & Trust account ending #1391 in the name of M&Z Global Distribution, LLC. The wire was payable to Greenland America, Inc., on the account of Rajput Steel Industry in Gujranwala, Pakistan to pay for scrap metal being shipped to Pakistan in sealed units.

c.  On approximately December 17, 2012, $100,000 was wired from California Bank & Trust account ending #1391 in the name of M&Z Global Distribution, LLC. The wire was payable to Interco Trading Inc. on the account of Cannon Enterprises in Model Town, Gujranwala, Pakistan to pay for scrap metal being shipped to Pakistan in sealed units. Interco Trading Inc. is a scrap metal shipping company located in Madison, Illinois.

d.  On approximately December 17, 2012, $101,000 was wired from California Bank & Trust account ending #1391 in the name of M&Z Global Distribution, LLC. The wire was payable to Florida Metal Trading Inc., on the account of Irfan Engineering located in Gujranwala, Pakistan for the purchase of sealed units of scrap metal and metal ballasts to be shipped to Pakistan. Florida Metal Trading, Inc., is a shipper of metal. According to Atik Motiwala of Florida Metal Trading Inc., Irfan Engineering normally makes payment via Dubai, the United Kingdom (UK), USA, or other European countries. The metal was purchased from Khawaja Tanveer, who currently resides in the UK, but also has an office in Pakistan.

e.  On approximately December 20, 2012, $90,000 was wired from California Bank & Trust account ending #1391 in the name of M&Z Global Distribution, LLC. The wire was payable to Florida Metal Trading, Inc., on the account of Irfan Engineering located

5

in Gujranwala, Pakistan for the purchase of sealed units of scrap metal and metal ballasts to be shipped to Pakistan.

The total amount of wire transfers to accounts in Pakistan was $499,401.00 and represents money laundering violations of Title 18 USC Section 1956 and 1957.

3) a Bank of America account ending #2872 was opened on approximately November 30, 2010, by SHAKEEL KHAN's brother AJJAZ KHAN regarding company ALI KHAN INC. This account was used to deposit K-2 proceeds. Based on a review of the account there were $513,208 cash deposits to the account. In addition, the account contained numerous K-2 customer deposits and unidentifiable money order deposits.

On September 2, 2011 SHAKEEL KHAN wrote check #1150 for $19,400.15 to Mountain Industries. Mountain Industries was operated by Alex Reece and Jim Lewellyn, who sold chemical to KHAN, SALEEM, SIDDIQ, and MEMON to manufacture K-2. The transaction represents a money laundering transaction in violation of Title 18 USC Section 1957.

4) a Wells Fargo Account ending #1528 regarding company MK PARADISE opened by MICKEY AVALOS at the request of ARIF SIDDIQ on approximately April 27, 2012. The account was used to deposit K-2 proceeds. On May 18, 2012, checks #5042 for $49,455 and #1024 for $49,445 from AMI Wholesale in Dallas, Texas were deposited into the account. This deposit of $98,900 represents K-2 proceeds, since AMI Wholesale was a known large K-2 customer. Invoices and purchase orders show that the purchase was for K-2.

On June 1, 2012, AVALOS, at the direction of SIDDIQ and SALEEM, obtained a cashier's check #99200203 payable to North Pole Studios for $90,000. This payment represents a money laundering transaction in violation of Title 18 USC Section 1956 and 1957.

5) Based on the purchase of 3,500 units of synthetic cannabinoids at $2.50 per unit from SHAKEEL KHAN on February 19, 2014, SHAKEEL KHAN informed Confidential Source 1 on

6

February 24, 2014, of a Bank of America M&M Wholesale account where he wanted the money for payment to be sent. SHAKEEL KHAN is not a signer on the account. The government deposited $8,750 in cash on February 28, 2014 to the Bank of America M&M Wholesale account at Bank of America branch bank located at 10731 State Line Road, Kansas City, Missouri 64114. On February 28, 2014, a withdrawal of $7,500 in cash was noted at a Bank of America branch in California.

Currency Transaction Reports (CTR's) for M&M Wholesale show the company lists itself as a wholesale clothing company with a mailing address of 385 South Lemon Avenue, Suite E 112, Walnut, California 91789. This address has been identified as the mailing address for Mickey Avalos, who is the secretary/manager for MOHAMMAD SALEEM.

All in violation of Title 18, United States Code, Section 1956(h).

### ALLEGATION OF FORFEITURE I

1.    The allegations contained in Counts One and Two of this Indictment are re-alleged and incorporated by reference for the purpose of alleging a forfeiture pursuant to the provisions of Title 21, United States Code, Section 853.

2.    Upon conviction of one or more of the controlled substance offenses alleged in Counts One and Two of this Indictment, the defendants shall forfeit to the United States all property, real and personal, constituting, or derived from, proceeds obtained, directly and indirectly, as a result of the violations incorporated by reference in this Allegation and all property used, or intended to be used, in any manner or part, to commit, and to facilitate the commission of the violations alleged in Counts One and Two of this Indictment, including, but not limited to, a money judgment in the amount of the above-specified property.

### SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

The United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

## ALLEGATION OF FORFEITURE II

1. The allegations contained in Counts Three of this Indictment are re-alleged and incorporated by reference for the purpose of alleging a forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

2. Upon conviction of one or more of the offenses alleged in Count Three of this Indictment, the defendants shall forfeit to the United States any property, real and personal, involved in such offense, or any property traceable to such property, including, but not limited to, a money judgment in the amount of the above-specified property.

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

The United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All in accordance with Title 18, United States Code, Section 982(a)(1), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL.


Dated:__9/8/15_____             /s/ Helen A. Chaffin
                                FOREPERSON OF THE GRAND JURY


/s/ Joseph M. Marquez
Joseph M. Marquez #40634
Assistant United States Attorney

9